IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 13, 2017 Session

## ROY SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County
No. F-76440  Royce Taylor, Judge**

───────────────────────────────

**No. M2017-00321-CCA-R3-PC**

───────────────────────────────

CAMILLE R. MCMULLEN, J., dissenting.

I respectfully disagree with the conclusion reached by the majority in this case. In this appeal, the Petitioner contends that he received ineffective assistance of counsel at the plea negotiation stage. Specifically, the Petitioner argues that trial counsel was deficient in proceeding to trial based on an erroneous jurisdictional argument. As a result, the Petitioner argues that, but for trial counsel's erroneous advice, he would have accepted the State's more favorable plea offer. The State argues that the Petitioner has failed to overcome the presumption that trial counsel exercised reasonable judgment in all strategic decisions. Moreover, the State asserts that because the Petitioner has failed to prove he would have accepted the ten-year offer extended to him instead of the twenty-year offer, he has failed to prove prejudice. For the reasons that follow, I would have reversed the judgment of the post-conviction court and remanded this matter for a re-hearing. The facts underlying the Petitioner's convictions stem from the execution of a search warrant upon his home resulting in the discovery of oxycodone and several hundred dihydrocodeinone pills. State v. Roy Allen Smith, No. M2014-01172-CCA-R3-CD, 2015 WL 3550106, at *1 (Tenn. Crim. App. June 8, 2015) perm. app. denied (Tenn. Oct. 15, 2015). The Petitioner was ultimately convicted after a jury trial of simple possession of a Schedule II controlled substance, possession of a Schedule III controlled substance with the intent to manufacture, deliver, or sell, maintaining a dwelling used for keeping or selling controlled substances, and possession of drug paraphernalia, for which he received an effective twelve-year sentence. Id. The trial court ordered the Petitioner's twelve-year sentence to be served consecutively to six prior convictions with an aggregate sentence of thirty-seven years for which the Petitioner had been on probation at the time that the instant offenses were committed. Roy Allen Smith, at *3. In total, it appears that the Petitioner received an effective forty-nine-year sentence, the bulk of which is for driving offenses.

At the post-conviction hearing, the Petitioner explained that prior to this offense, he was serving 25 years for driving related convictions and 12 years for a drug related conviction. Trial counsel had represented the Petitioner on all his prior criminal matters, and the Petitioner "always" accepted trial counsel's advice to plead guilty. The Petitioner received an offer in this case from the State, represented by Assistant District Attorney Jennings Jones, to plead guilty to "20 years - - to do 20 years on all of it run together. All the 25 and the 12 with a plea of guilty." However, the Petitioner proceeded to trial in this matter because trial counsel advised him that "he [trial counsel] could beat [the case] on the jurisdiction law. Said that LaVergne had no business coming out into the county." The Petitioner would have accepted the State's offer to plead guilty had he known trial counsel's advice was erroneous.

When confronted with the original assistant district attorney's notes that the offer extended by the State was "10 years at 45 percent, to be served consecutively," the Petitioner insisted that trial counsel told him that the offer was "20 on all of it. To squash everything and just give me a 20 on all of it . . . at 45." When pressed further by the prosecutor regarding the fact that the Petitioner was already serving thirty-seven years "on paper" prior to the instant offenses, the Petitioner replied, "I think he [the original assistant district attorney] was just trying to give me a break on it. I got 5 5's running consecutive, which would make it a 25-year sentence for driving a car with no license." Exasperated by his current situation, the Petitioner exclaimed, "And I haven't killed anybody." Based on his understanding of the law, the Petitioner insisted, that if trial counsel "beat the case on jurisdictional law," the Petitioner would have been back out on community corrections because his violation was based on the instant offenses.

In Hill v. Lockhart, 474 U.S. 52, 58-59 (1985), the United States Supreme Court extended Strickland's two-prong test to challenges of guilty pleas based on ineffective assistance of counsel. Hill was based on the petitioner's acceptance of a plea offer as a result of trial counsel's erroneous advice. While the first deficiency prong of Strickland remained the same, a petitioner establishes the second prejudice prong by showing "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Years later, and in contrast to Hill, the Supreme Court extended the right to effective assistance of counsel to defendants who reject plea bargains because of their lawyers' deficient performance. Lafler v. Cooper, 566 U.S. 156, 160-75 (2012); Missouri v. Frye, _ U.S. _, 132 S. Ct. 1399, 1407-09 (2012) (in the context of guilty pleas a defendant must show the outcome of the plea process would have been different with competent advice); accord Bush v. State, 428 S.W.3d 1, 20 (Tenn. 2014) (citing Frye, 132 S. Ct. at 1407); Wlodarz v. State, 361 S.W.3d 490, 503-04 (Tenn. 2012); see also McMann v. Richardson, 397 U.S. 759, 771 (1970) ("defendant [who] ... enters his plea upon the advice of counsel

[entitled to] advice ... 'within the range of competence demanded of attorneys in criminal cases'").

In Lafler v. Cooper, the defendant shot at the victim's head and ultimately struck her "buttock, hip, and abdomen," but she survived. Lafler, 566 U.S. at 161. After being charged with various offenses, the defendant three times rejected plea offers, "allegedly after his attorney convinced him that the prosecution would be unable to establish his intent to murder the victim because she had been shot below the waist." Id. The defendant proceeded to trial, was convicted as charged, and received a sentence three and a half times more severe than the initial offer conveyed by the prosecution. On appeal, there was no dispute as to the deficiency prong of Strickland. The Court then elaborated on the prejudice prong of Strickland in the context of a rejected plea offer and held:

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler, 566 U.S. at 164.

In regard to the remedy for successful ineffective-assistance-of-counsel claims, the Court cautioned that

> Sixth Amendment remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests. Thus, a remedy must "neutralize the taint" of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution.

Lafler, 566 U.S. at 170 (internal citations and quotation marks omitted). Nevertheless, if the defendant establishes a successful ineffective-assistance-of-counsel claim, then it is within the trial court's discretion to fashion the appropriate remedy. The Court envisioned the following two remedial scenarios: when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial, "the court may exercise its discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between." Id. at 171. Or, if re-

- 3 -

sentencing alone will not be full redress for the constitutional injury, i.e. an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge's sentencing discretion after trial, then "the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution may reoffer the plea proposal[.]" Id. (internal citations omitted). Upon the offer's acceptance, the court has the discretion to vacate the conviction from trial, accept the plea, or leave the conviction undisturbed. Id.

As a preliminary matter, our research has revealed no Tennessee cases involving allegations of attorney incompetence resulting in the defendant's rejection of a proposed plea agreement or the application of Lafler. This may explain why the post-conviction court's order is devoid of (1) a determination regarding the Petitioner's allegation of trial counsel's deficient performance; and/or (2) an analysis of the prejudice prong as required under Lafler. The post-conviction court cited Strickland and its state law progeny; however, it denied relief based solely on the Petitioner's failure to establish by clear and convincing evidence that trial counsel extended the twenty-year plea offer.

The Petitioner argues that trial counsel was deficient in advising him to reject the offer based on counsel's mistaken belief that the police did not have jurisdiction to execute the search warrant. Rather than deficient performance, the State contends that trial counsel's decision to proceed to trial was strategic, warranting a presumption of reasonableness by this court. In review of this issue, I am mindful that "a defense attorney's simple misjudgment as to the strength of the prosecution's case, the chances of acquittal, or the sentence a defendant is likely to receive upon conviction, among other matters involving the exercise of counsel's judgment, will not, without more, give rise to a claim of ineffective assistance of counsel." See McMann v. Richardson, supra, 397 U.S. at 770-771. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Felts v. State, 354 S.W.3d 266, 278 (Tenn. 2011) (citing Strickland, 466 U.S. at 690-91; Baxter, 523 S.W.2d at 935-36 (recognizing that counsel should investigate all apparently substantial defenses); and Hellard v State, 629 S.W.2d 4, 9 (Tenn. 1982) (emphasizing that a reviewing court should not second guess counsel's strategic and tactical decisions)). Counsel's duty is "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. The fact that a particular strategy or tactical decision failed does not by itself establish deficiency. Id. (citing Goad, 938 S.W.2d at 369).

Based on trial counsel's thought process from the record from the direct appeal, the testimony of the Petitioner, and trial counsel's notes, I would conclude that trial

counsel was deficient in advising the Petitioner to reject a plea agreement and proceed to trial. During oral argument, trial counsel conceded that he should have raised the jurisdiction issue prior to trial. Trial counsel's position, that the case should have been dismissed on jurisdictional grounds after double jeopardy attached, was rejected by the trial court, this court, and our supreme court denied his Rule 11 application based on the same. While the extent of trial counsel's research and investigation on this issue prior to trial is not entirely clear, trial counsel's notes show that minimal research was done. The overwhelming authority on this issue was, in fact, contrary to counsel's position. In my view, counsel's advice to the Petitioner was a clear misstatement of the law. Because trial counsel's advice to proceed to trial was not informed or well investigated, it is not entitled to deference. Accordingly, I would have held that counsel's advice on this issue fell below reasonable professional norms, see Strickland, at 466 U.S. at 688, and that the Petitioner established deficient performance.

Next, the Petitioner argues trial counsel's deficient performance caused him to proceed to trial resulting in a much harsher sentence than the offer extended by the State. He acknowledges in his brief that there was no proof other than his own testimony that a twenty-year offer "to flatten everything" had been conveyed. Nevertheless, the Petitioner argues that he would have accepted the ten-year offer conveyed by the State, as it was also more favorable than the sentence imposed after trial. In response, the State contends that the Petitioner has failed to prove he would have accepted the ten-year plea offered to him; therefore, he has failed to establish prejudice. As previously noted, to establish prejudice in this context, the Petitioner must demonstrate that, but for counsel's deficient representation, there is *a reasonable probability* that (1) the Petitioner would have accepted the plea, (2) the prosecution would not have withdrawn the offer, and (3) the trial court would have accepted the terms of the offer, such that the penalty under its terms would have been less severe than the penalty actually imposed.

Here, as in Lafler, the focus is not which offer the Petitioner would have accepted but rather whether *a reasonable probability* exists that an offer was extended that the Petitioner would have accepted. There is no question on this record that the State conveyed an offer to plead guilty to ten years to be served at forty-five percent prior to trial. See Lafler, 566 U.S. at 161 (noting that the defendant received and rejected two offers prior to trial and another less favorable offer on the day of trial and rejected all three based on counsel's erroneous advice). Moreover, the Petitioner testified that he would have accepted the offer but for counsel insisting that he could "beat the case" at trial on the jurisdiction issue. The Petitioner further testified that on each of his prior cases, trial counsel advised him to accept the plea offer and enter a guilty plea. In turn, on each of the Petitioner's prior cases, he did, in fact, forgo a trial and plead guilty. Significantly, the Petitioner likewise never insisted upon his innocence in this case. In addition, trial counsel's notes showed that the proof against the Petitioner was,

"overwhelming," and he conceded the same at oral argument. There is nothing in the record indicating that the State would have withdrawn the offer or was in any way prohibited by law from extending it. It is likewise reasonable to predict that the trial court would have approved the terms of the ten-year offer and accepted the Petitioner's plea. See Ebron v. Comm'r of Corr., 53 A.3d 983, 989 (Conn. 2012) (holding that in most jurisdictions, prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences and therefore, in most instances, it is not difficult to make an objective assessment as to whether or not the prosecution would withdraw an offer or the court would accept). And finally, as to the last element of the Lafler prejudice prong, the Petitioner has demonstrated that the twelve-year-sentence imposed after trial was more severe than the ten-year-offer that was conveyed by the State.

In my view, based on the aforementioned proof, the Petitioner has established that, but for the ineffective advice of trial counsel, it is reasonably probable that he would have accepted the plea offer, such offer would have been submitted by the State and accepted by the court, and that his sentence would have been less severe than the sentence that was in fact imposed. In other words, the Petitioner has demonstrated that without trial counsel's erroneous advice, the result of his guilty plea negotiation phase would have been different. Accordingly, I would have reversed the judgment of the post-conviction court and remanded this matter for the trial court to determine whether the Petitioner should receive the term of imprisonment the State offered in the plea proposal (ten years consecutive) or the sentence he received after trial (twelve years consecutive).

                                                     _____

                                                     CAMILLE R. MCMULLEN, JUDGE